J-S56014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCES LORRAINE ROARK, | |
| Appellant | No. 565 MDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000236-2004, CP-36-CR-0003845-2013, CP-36-CR-0004410-2013, CP-36-CR-0005477-2012

BEFORE:  SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                   **FILED OCTOBER 27, 2015**

Appellant, Frances Lorraine Roark, appeals from the judgment of sentence entered following her convictions of various drug and theft offenses and the revocation of her parole in a previous criminal matter.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On June 13, 2014, [Appellant] appeared before the [c]ourt to enter a non-negotiated guilty plea on Information Numbers 5477-2012, 3845-2013, and 4410-2013, with a request that she be evaluated for acceptance into the State Intermediate Punishment Program ("SIPP").  (Notes of Testimony, Guilty Plea at 2-6, 14-15) ("N.T.G.P.").  The guilty pleas were accepted and sentencing was deferred pending an evaluation to determine

---

[*]  Retired Senior Judge assigned to the Superior Court.

whether [Appellant] would be eligible to participate in SIPP. *Id*. at 16.

On September 9, 2014, [Appellant] appeared for a parole violation hearing before the Honorable Howard Knisely on Information Number 0236-2004, due to her failure to report for a scheduled appointment and failure to remain in contact with her probation officer. (Notes of Testimony, Parole Violation at 2) (hereinafter "N.T.P.V.").[1] After [Appellant] was found to be in violation of probation and parole, Judge Knisely directed that [Appellant] be evaluated for SIPP, after which she would receive a concurrent sentence to those imposed on the new criminal charges for which [Appellant] was already being evaluated. *Id*. at 5-6.

[1] On October 27, 2004, [Appellant] tendered a negotiated guilty plea on Information Number 0236-2004 to Burglary (F1), Conspiracy to commit burglary (F1), and Theft by unlawful taking (M1).

On December 22, 2014, after being advised by the Pennsylvania Department of Corrections that [Appellant] was not eligible for SIPP due to pending criminal charges in the state of Maryland, the [c]ourt entered an Order directing that Lancaster County Adult Probation & Parole Services conduct a presentence investigation on the above-captioned cases.[2]

[2] During sentencing, defense counsel acknowledged [Appellant] was not eligible for SIPP due to pending criminal charges in the state of Maryland. (N.T.S. at 15).

On February 24, 2015, upon completion of a Pre-Sentence Investigation ("PSI") Report, [Appellant] appeared for sentencing, at which time the [c]ourt imposed the following sentence: On 5477-2012: (count 1) Violation of the Controlled Substance, Drug, Device & Cosmetic Act (delivery of crack cocaine): 2-5 years SCI; (count 2) Criminal Use of Communication Facility: 1-5 years SCI; (count 3) Conspiracy to deliver cocaine: 2-5 years SCI.[3] (Notes of Testimony, Sentencing at 24-25) ("N.T.S."). All sentences were made concurrent to each other. *Id*. at 25. On 3845-2013: (count 1) Violation of the Controlled Substance, Drug, Device & Cosmetic Act (delivery of crack cocaine): 1½-5 years SCI; (count 2)

Conspiracy to deliver cocaine: 1½–5 years SCI.[4] *Id*. The sentences were made concurrent to each other but consecutive to the sentence imposed on 5477-2012. *Id*. On 4410-2013, Theft by Unlawful Taking, [Appellant] was placed on concurrent probation for one year.[5] *Id*. [Appellant's] sentences on all counts were within the standard range of the sentencing guidelines. *See* Sentencing Guidelines Worksheets.[6]

[3] 35 P.S. § 780-113(a)(30), 18 Pa. C.S.A. § 7512(a), and 18 Pa. C.S.A. § 903 respectively.

[4] 35 P.S. § 780-113(a)(30) and 18 Pa. C.S.A. § 903 respectively.

[5] 18 Pa. C.S.A. § 3921(a).

[6] [Appellant's] guidelines were as follows: On 5477-2012: (count 1) delivery of cocaine: Offense Gravity Score ("OGS"): 6; Prior Record Score ("PRS"): 5; Standard Range Sentence ("SRS"): 21-27 months; (count 2) criminal use of communication facility; OGS: 5; PRS: 5; SRS: 12-18 months; (count 3) conspiracy to deliver cocaine: OGS: 6; PRS: 5; SRS: 21-27 months. On 3845-2013: (count 1) delivery of cocaine; OGS: 5; PRS: 5; SRS: 12-18 months; (count 2) conspiracy to deliver cocaine: OGS: 5; PRS: 5; SRS: 12-18 months. On 4410-2013 (count 1) theft by unlawful taking: OGS: 1; PRS: 5; SRS: RS-6 months. *See* Sentencing Guidelines Worksheets; (N.T.S. at 5).

On the parole violation at 0236-2004, [Appellant's] parole was immediately terminated and she was sentenced as follows: (count 1) Burglary: 3 ½-10 years SCI; (count 2) Conspiracy to commit burglary: 3 ½-10 years SCI.[7] (N.T.S. at 27). The sentences were made concurrent to each other and concurrent to the sentences imposed on 5477-2012, 3845-2013 and 4410-2013. *Id*. The aggregate sentence on all criminal dockets resulted in a prison sentence of not less than 3½ years nor more than 10 years in the state correctional institution. *Id*. at 25. [Appellant] did not receive credit for any time served on the parole violation sentence, because that credit was applied to the sentences imposed on the new criminal charges for which

[Appellant] remained incarcerated without posting bail. *Id*. at 27.

> [7] [Appellant's] original split sentence was as follows: (count 1) Burglary: 1 ½ to 3 years SCI plus 7 years of consecutive probation; (count 2) Conspiracy to commit burglary: 10 years probation concurrent to count 1; (count 3) Theft by Unlawful Taking: merged for sentencing purposes. *See* Sentencing Order. These sentences were below the standard range of the sentencing guidelines, which started at 24 months for the burglary offense. *See* Sentencing Guidelines Worksheet.

On March 6, 2015, [Appellant] filed a Post-Sentence Motion to Modify Sentence. In that Motion[, Appellant] did not seek relief for the sentences imposed on the new criminal charges, recognizing they were guideline sentences. *See* Post-Sentence Motion to Modify Sentence. Rather, [Appellant] requested a shorter sentence on the parole violation because all time credit was attributed to the new criminal charges, and as a result [Appellant] would remain incarcerated on the parole violation beyond the date she would be paroled on the new criminal charges. *Id*. This [c]ourt issued an Order on March 17, 2015 denying said Motion.[8]

> [8] When a parolee is incarcerated on new criminal charges and does not post bail or has her bail revoked, time spent in jail is not credited to the parolee's original sentence on re-commitment as a convicted parole violator because the parolee was not incarcerated solely on the Board's warrant. *Martin v. Pennsylvania Bd. of Prob. & Parole*, 840 A.2d 299, 305 (Pa. 2003). The period of pretrial confinement is credited to the sentence received upon conviction of new criminal charges, unless the parolee is acquitted or no new sentence is imposed for a conviction on the new charges. *Id*. "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to *either* the new sentence *or* the original sentence." *Id*. at 309 (emphasis added). *See also Commonwealth v.*

> ***Schutzues***, 54 A.3d 86 (Pa. Super. 2012); 42 Pa.
> C.S.A. § 9760(4).

Trial Court Opinion, 5/1/15, at 1-4.

Appellant then filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> 1. Did the court impose an unreasonable sentence which contravenes the policy underlying the Sentencing Code where the sentence is manifestly unreasonable, focuses solely on the [Appellant's] prior record without considering any mitigating factors, and is not an individualized sentence?

Appellant's Brief at 4.

Appellant argues that the trial court abused its discretion in imposing the sentences in this case. Specifically, Appellant contends that the sentences imposed were harsh and excessive in light of the factors which should have been considered by the sentencing court.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

- 5 -

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708 & 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Id*. (citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003)).

In *Commonwealth v. Reeves*, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in *Commonwealth v. Jarvis*, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. Applying this principle, the *Reeves* Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. *See Commonwealth v. Parker*, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion). *See also* Pennsylvania Rule of Criminal Procedure 708

Comment (discussing proper preservation of issues challenging discretionary aspect of sentence imposed following revocation hearing).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal. However, Appellant partially met the second requirement because she only challenged in her post-sentence motion the discretionary aspects of sentence in relation to the sentence imposed for her parole violation. In her post-sentence motion, Appellant asserted that the sentencing court should have considered assorted mitigating circumstances, including her chaotic childhood, limited education, mental health issues, substance abuse, and health conditions, rather than

her lengthy criminal history in fashioning her parole revocation sentence. *See* "Post Sentence Motion to Modify Sentence," 3/6/15, at 1-3. Ultimately, Appellant stated the following at the conclusion of her post-sentence motion:

> 12. The modification of the sentence to allow for an earlier parole date **on the parole violation sentence** would still serve the retribution phase of the sentence and send a message to the community concerning the seriousness of [Appellant's] offenses and the dangers of substance abuse for people like [Appellant] who continue to commit crimes because of their addiction.
>
> WHEREFORE, [Appellant] respectfully requests that this Honorable Court **modify the sentence by reducing the parole violation sentence** to a remaining term of imprisonment that will allow [Appellant] to be paroled on the parole violation at the same date as the minimum sentence for the new charges. This sentence would highlight the seriousness of these offenses, and such a sentence would afford [Appellant the] opportunity to address her serious medical issues upon an earlier release.

*Id*. at 3 (emphasis added). Therefore, we limit our review to this claim.[1]

Regarding the third requirement of the test, we observe that Appellant included in her appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we will next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the sentencing court.

_____

[1] To the extent that Appellant now presents additional challenges to the discretionary aspects of sentencing with regard to the sentences imposed upon Appellant for her "new charges," such claims are waived due to Appellant's failure to present them in her post-sentence motion. *Reeves*.

In her Pa.R.A.P. 2119(f) statement, Appellant claims that the sentencing court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b). Appellant's Brief at 8-10.[2] Appellant claims that the trial court simply relied upon the gravity of the offense and failed to consider other circumstances in imposing a sentence upon Appellant in the standard range of the sentencing guidelines. Considering this claim to be an allegation that the sentencing court failed to consider factors set forth under 42 Pa.C.S. § 9721(b), we conclude that, in this instance, Appellant has raised a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)). Accordingly, because Appellant has stated a substantial question, we will address this claim on appeal.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Fullin*, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the

_____

[2] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[3]  As previously stated, when imposing a sentence, the sentencing court must consider "the

_____

[3] The ***Walls*** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

***Walls***, 926 A.2d at 963.

protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***.

Appellant asserts that, in fashioning her sentence, the sentencing court failed to consider properly Appellant's personal character and physical condition. Appellant's Brief at 11-14. Appellant alleges that the sentencing judge had a "personal agenda" regarding Appellant's criminal behavior. ***Id***. at 12.

Our review of the record reflects that the sentencing court reviewed Appellant's presentence report, heard testimony from witnesses offered by Appellant, accepted Appellant's allocution and a letter from Appellant, and heard argument from Appellant's counsel prior to imposing Appellant's sentence. N.T., 2/24/15, at 6-16. In addition, at the time of sentencing, the trial court gave a painstakingly detailed explanation for the sentence imposed, which exhibited a thorough knowledge of Appellant's multiple mitigating factors, as well as the reasons for imposing the instant term of incarceration. ***Id***. at 18-24, 26.

As the trial court aptly stated in its opinion dated May 1, 2015:

> In the present case, the [c]ourt carefully considered all information contained in the PSI Report before imposing sentence on the parole violation. (N.T.S. at 18-19).[14] The [c]ourt then recognized that [Appellant] was not amenable to treatment or rehabilitation outside a correctional facility, based in large part on a total of twelve prior probation and/or parole violations on all dockets. *Id*. at 21-23.[15] Three such violations occurred on these charges while [Appellant] was under Drug Court supervision, and her fourth violation occurred only seven days after she was released from jail on the third violation. *Id*. at 9-10, 17, 22.[16] This conduct clearly demonstrated that repeated attempts to rehabilitate [Appellant] and treat her drug addiction through probation and intensive supervision had been unsuccessful.[17]
>
> > [14] As previously noted, where the sentencing judge has the benefit of a presentence investigation report it will be presumed that the judge was aware of all relevant information regarding a defendant's character, and weighed those considerations along with mitigating factors. [***Commonwealth v.***] ***Fowler***, ***supra***, 893 A.2d [758,] 766-[7]67[ (Pa. Super. 2006)].
> >
> > [15] The [c]ourt also considered the nature and circumstances of [Appellant's] original charges for which she was now on parole, where [Appellant] and her co-conspirators committed a burglary and theft by luring the victim out of his residence under a ruse, entering the victim's residence, and taking cash and jewelry valued at $500. ***See*** PSI Report.
> >
> > [16] [Appellant's] prior violations were based on new criminal charges, moving from an approved residence, repeated failures to appear for random drug tests, and discharge from a drug treatment facility for failure to appear. ***See*** PSI Report. [Appellant] was afforded a tremendous break on the three prior violations when she received probation or a time served sentence on each occasion. (N.T.S. at 17, 22; PSI Report).

- 12 -

[17] In addition to her parole violation sentences, [Appellant] received a break at the time of the guilty plea when the sentence imposed was below the standard range of the sentencing guidelines. *See* Sentencing Order; Sentencing Guidelines Worksheet. A trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere to the conditions imposed on her. ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012); ***see also Commonwealth v. Pasture***, 107 A.3d 21, 28-29 (Pa. 2014).

With convictions for new crimes involving the distribution of cocaine, this [c]ourt found that [Appellant] is a danger to society. (N.T.S. at 26). Furthermore, the [c]ourt noted that the conduct of [Appellant] indicated she would likely commit another crime if not incarcerated, based on her prior contact with the court, new crimes, and failed attempts at rehabilitation. ***Id***. Additionally, [Appellant] has demonstrated total disregard for her probation officer, this court, and the criminal justice system, such that a state prison sentence was essential to vindicate the authority of the court. ***Id***.

Trial Court Opinion, 5/1/15, at 15-16.

Indeed, having thoroughly reviewed the record along with the opinion of the sentencing court, we discern there is no indication that the sentencing court ignored any relevant factors in fashioning the sentence. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court in imposing Appellant's sentence within the standard range of the sentencing guidelines. Hence, we conclude that Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015